UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. MEAD,<br><br>            Plaintiff,<br><br>      v.<br><br>CAROLYN INEZ WILLIAMS,<br><br>            Defendant. | No.  2:20-cv-0578 TLN DB PS<br><br>ORDER TO SHOW CAUSE |

On March 17, 2020, plaintiff Robert Mead commenced this action by filing a complaint and paying the applicable filing fee.  (ECF No. 1.)  Plaintiff is proceeding pro se.  Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).  Plaintiff's complaint concerns the parties' settlement of their March 8, 2005 divorce proceedings in the Sacramento County Superior Court.  (Compl. (ECF No. 1) at 1-8.)

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  Casey v. Lewis,
////

1

4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Moreover, under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

2

review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the

3

1  state court had not passed directly on those claims, when the constitutional attack [is]
2  'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n.
3  16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the
4  federal court action are 'inextricably intertwined' with the state court's decision such that the
5  adjudication of the federal claims would undercut the state ruling or require the district court to
6  interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16,
7  485).
8  　　　Here, the complaint alleges that "the State courts refused to consider or dispose the issue
9  of subject-matter jurisdiction that was fraudulently acquired and the state courts have resisted in
10 hearing collateral attacks on subject matter jurisdiction[.]"  (Compl. (ECF No. 1) at 9.)
11 Moreover, it appears from documents attached to the complaint and the undersigned's research
12 that plaintiff has repeatedly and unsuccessfully challenged the judgment in the Sacramento
13 County Superior Court action.  See In re Marriage of Mead and Williams-Mead, CO82278, 2019
14 WL 1417159, at *1 (Cal. App. 3 Dist., Mar. 29, 2019) ("The divorce settlement spawned lengthy,
15 acrimonious litigation, including three prior appeals to this court."); In re Marriage of Mead and
16 Williams-Mead, C073814, 2014 WL 3866012, at *1 (Cal. App. 3 Dist. Aug. 6, 2014) ("After
17 nearly 10 years of unsuccessful litigation against his ex-wife, a vexatious lawyer now asserts the
18 trial court did not have subject matter jurisdiction to order him to pay attorney fees following his
19 last appeal.").
20 　　　In this regard, it appears that plaintiff is a state court loser and is now inviting this court to
21 review and reject those judgments.  And disputes over marital dissolution fall squarely within the
22 Rooker-Feldman bar.  See, e.g., Moor v. Cnty. of Butte, 547 Fed. Appx. 826, 829 (9th Cir. 2013)
23 (affirming dismissal of suit concerning state court divorce and child custody proceedings on
24 Rooker-Feldman grounds); Gomez v. San Diego Family Ct., 388 Fed. Appx. 685 (9th Cir. 2010)
25 (affirming dismissal of state court custody decision on Rooker-Feldman grounds); Sareen v.
26 Sareen, 356 Fed. Appx. 977 (9th Cir. 2009) (affirming dismissal of action alleging constitutional
27 violation in state court child custody action on Rooker-Feldman grounds).
28 ////


1  Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order
2  plaintiff shall show cause in writing as to why this action should not be dismissed due to a lack of
3  subject matter jurisdiction.
4  Dated: May 5, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/mead0578.jx.osc