UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. MEAD, | No. 2:20-cv-0578 DB PS |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN INEZ WILLIAMS, | |
| Defendant. | |

On May 29, 2020, this action was reassigned to the undersigned pursuant to the parties' consent to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c)(1). (ECF No. 14.) Pending before the court is defendant's motion to dismiss. (ECF No. 10.) For the reasons stated below, defendant's motion to dismiss is granted and plaintiff' complaint is dismissed without leave to amend.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on March 17, 2020, by filing a complaint and paying the required filing fee. (ECF No. 1.) Therein, plaintiff alleges that on "December 9, 2004, a settlement was reached in the dissolution of marriage" between plaintiff and defendant Carolyn Williams. (Compl. (ECF No. 1) at 4.[1]) "[J]udgement was entered the

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1

same day[.]" (Id.) "On January 22, 2005, by operation of law . . . the case was dismissed." (Id. at 5.) On February 2, 2005, defendant's attorney wrote to plaintiff stating an "intention to 'redraft the judgment.'" (Id. at 6.) Plaintiff "did not agree" to the indicated "changes in redrafting the judgment." (Id. at 7.) The "fraudulently 'redrafted judgement' was submitted to the Sacramento Superior Court" without plaintiff's prior approval." (Id. at 7-8.) On March 8, 2005, a "Notice of Entry of Judgment" was entered reflecting the redrafted judgment." (Id. at 8.) Plaintiff complains that "the State courts refused to consider or dispose of subject-matter jurisdiction that was fraudulently acquired and the state courts have resisted in hearing collateral attacks on subject matter jurisdiction[.]" (Id. at 9.)

Pursuant to these allegations, the complaint alleges claims for fraud, "impairment of right to contract," and equal protection. (Id. at 4-14.) On May 6, 2020, the court issued an order to show cause as to why this action should not be dismissed due to a lack of subject matter jurisdiction. (ECF No. 9.) On May 12, 2020, defendant filed the pending motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 10.) On May 26, 2020, plaintiff filed a response to the order to show cause and an opposition to defendant's motion to dismiss. (ECF Nos. 12 & 13.) Defendant filed a reply on June 3, 2020. (ECF No. 15.)

## STANDARDS

### I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039

(9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

**II.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light

3

most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

### I.  Defendant's Motion to Dismiss

Plaintiff's complaint alleges that his state court divorce proceedings were fraudulent, resulting in the denial of due process and equal protection. And that "the State courts refused to consider or dispose the issue of subject-matter jurisdiction[.]" (Compl. (ECF No. 1) at 9.) Plaintiff seeks a declaratory judgment invalidating the state court's judgment. (Id. at 15.) However, under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and

rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)).  "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal.  As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the

5

state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

As noted above, this action concerns a dispute over a marital dissolution. A dispute over a marital dissolution fall squarely within the Rooker-Feldman bar. See, e.g., Moor v. Cnty. of Butte, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (affirming dismissal of suit concerning state court divorce and child custody proceedings on Rooker-Feldman grounds); Gomez v. San Diego Family Ct., 388 Fed. Appx. 685 (9th Cir. 2010) (affirming dismissal of state court custody decision on Rooker-Feldman grounds); Sareen v. Sareen, 356 Fed. Appx. 977 (9th Cir. 2009) (affirming dismissal of action alleging constitutional violation in state court child custody action on Rooker-Feldman grounds).

Moreover, plaintiff's complaint acknowledges plaintiff's various defeats in state court in attempting to litigate these claims. (Compl. (ECF No. 1) at 9.) The court's research also reveals that plaintiff has repeatedly and unsuccessfully challenged the state court's judgment. See In re Marriage of Mead and Williams-Mead, CO82278, 2019 WL 1417159, at *1 (Cal. App. 3 Dist., Mar. 29, 2019) ("The divorce settlement spawned lengthy, acrimonious litigation, including three prior appeals to this court."); In re Marriage of Mead and Williams-Mead, C073814, 2014 WL 3866012, at *1 (Cal. App. 3 Dist. Aug. 6, 2014) ("After nearly 10 years of unsuccessful litigation against his ex-wife, a vexatious lawyer now asserts the trial court did not have subject matter jurisdiction to order him to pay attorney fees following his last appeal."); In re the Marriage of Mead and Williams–Mead, C065718, 2012 WL 4094789, at *6 (Cal. App. 3 Dist. Sept. 17, 2012) ("Robert mounts yet another attack on paragraph 8 of the marriage settlement agreement, which awarded Robert the family home and obligated him to pay Carolyn an equalizing payment of $50,000 for the release of her interest in the property.").

In this regard, plaintiff is the definitive example of a state court loser now inviting this court to review and reject those state court judgments. Accordingly, the Rooker-Feldman doctrine precludes review of plaintiff's claims.[2]

## II.     Leave To Amend

The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim over which the court would have subject matter jurisdiction. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

In light of the deficiencies noted above, the undersigned finds that it would be futile to grant plaintiff leave to amend. Therefore, plaintiff's complaint will be dismissed without leave to amend.

## III.    Sanctions

The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits); see also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057-62 (9th Cir. 2007).

---

[2] Assuming *arguendo* that this action were not barred by Rooker-Feldman, this action would still be dismissed due to the running of the statute of limitations, as the most recent event alleged in the complaint occurred in March of 2013, and this action was not filed until March 17, 2020. See Jackson v. Barnes, 749 F.3d 755, 761 (9th Cir. 2014) ("the applicable statute of limitations under California law is two years."). The action would also be barred due to res judicata. See U.S. v. Tohono O'Odham Nation, 563 U.S. 307, 315 (2011) ("res judicata . . . bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits"). And the complaint would be subject to dismissal as the result of a failure to state a claim against defendant Carolyn Williams. In this regard, the wrongful acts alleged in the complaint concern the actions of the state courts, not defendant Williams.

Local Rule 151(b) provides that "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural rule of this Court on the basis of which the Court may order the giving of security, bond, or undertaking, although the power of the court shall not be limited thereby." California Code of Civil Procedure, Title 3A, part 2, commences with § 391 and defines a "vexatious litigant" as including those persons acting in propria persona who "repeatedly files unmeritorious motions, pleadings, or other papers . . . or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." Cal. Code Civ. Pro. § 391(b)(3).

Pre-filing review orders, in which a complainant is required to obtain approval from a United States Magistrate Judge or District Judge prior to filing a complaint, can appropriately be imposed in certain circumstances but "should rarely be filed." DeLong, 912 F.2d at 1147; see also Molski, 500 F.3d at 1057. "When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'" Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting DeLong, 912 F.2d at 1147-48).

Absent "explicit substantive findings as to the frivolous or harassing nature of the plaintiff's filings," a district court may not issue a pre-filing order. O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990). To make substantive findings of frivolousness, the district court must look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. In re Powell, 851 F.2d 427, 431 (9th Cir. 1988); see also Moy v United States, 906 F.2d 467, 470 (9th Cir. 1990) (a pre-filing "injunction cannot issue merely upon a showing of litigiousness."). "'The plaintiff's claims must not only be numerous, but also be patently without merit.'" Ringgold-Lockhart, 761 F.3d at 1064 (quoting Molski, 500 F.3d at 1059).

Alternatively, "the district court may make [a] finding that the litigant's filings 'show a pattern of harassment.'" Ringgold-Lockhart, 761 F.3d at 1064 (quoting De Long, 912 F.2d at

1148). However, courts "must be careful not to conclude that particular types of actions filed repetitiously are harassing, and must [i]nstead . . . discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." Id. (quoting De Long, 912 F.2d at 1148) (internal quotation marks omitted).

Here, defendant seeks "the issuance of an order . . . to show cause why sanctions should not be imposed . . . and why [plaintiff] should not be declared a Federal Court vexatious litigant." (Def.'s MTD (ECF No. 10) at 16.) However, defendant's motion to dismiss is going to be granted and this action closed. Moreover, although plaintiff has repeatedly filed actions in state court, it appears this is the first-time plaintiff has come before this court. As such, the court will not impose monetary sanctions or enter a pre filing order.

However, the court will make an explicit finding that this action is frivolous. And explicitly cautions plaintiff that filing a new lawsuit based on the events related to this action may result in plaintiff being declared a vexatious litigant, may subject plaintiff to a pre-filing review order, and may result in plaintiff being ordered to pay monetary sanctions. The court anticipates that plaintiff will not file any new frivolous lawsuits related to the events at issue in this action.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's May 12, 2020 motion to dismiss (ECF No. 10) is granted;

2. The March 17, 2020 complaint is dismissed without prejudice for lack of subject matter jurisdiction; and

3. This action is closed.

Dated: November 25, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.consent/mead0578.dism.ord